IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREGORY C RAGLAND, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:15-CV-108 |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

<u>OPINION AND ORDER</u>

This matter is before the Court on the Amended Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Gregory C. Ragland, Sr., a *pro se* prisoner, on April 8, 2015. For the reasons set forth below, the Court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

<u>BACKGROUND</u>

Gregory C. Ragland, Sr., is challenging his guilty plea and 20 year sentence for Battery as an Habitual Offender by the Madison Circuit Court under cause number 48C01-0511-FC-440 on February 12, 2007. Ragland filed a direct appeal which concluded when the Indiana Supreme Court denied his petition to transfer on April 5, 2007. *Ragland v. State*, 860 N.E.2d 927 (Ind. Ct. App. 2007) (table). He did not file a petition for certiorari to the United States Supreme Court and the deadline for doing so expired on July 5, 2007. Though he filed a post-conviction relief petition, he waited until November 10, 2011, to do so. DE 3 at 2. His original

habeas corpus petition in this case was signed and mailed on March 2, 2015. DE 1 at 15.

DISCUSSION

Habeas Corpus petitions are subject to a strict one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Question 16 on the habeas corpus form included the entire text of 28 U.S.C. § 2244(d) and asked Ragland to explain why the petition was timely. He did not answer the question. However, nothing in his petition indicates that state action prevented him

from filing this habeas corpus petition sooner or that the petition is based on a newly recognized Constitutional right or newly discovered evidence. Therefore §§ 2244(d)(1)(B), (C), and (D) are not applicable to this case.

Thus, pursuant to § 2244(d)(1)(A), the 1-year period of limitation began when the judgment became final upon the expiration of the time for seeking direct review when the deadline for filing a petition for certiorari with the United States Supreme Court expired on July 5, 2007. *See* Sup. Ct. R. 13(1) and 30(1). The next day, on July 6, 2007, the 1-year limitation period began. It ran for one year and expired on July 7, 2008. *See* Federal Rule of Civil Procedure 6(a)(1)(C) (excludes the last day if it is Saturday, Sunday, or a legal holiday). Though he would later file a post-conviction relief petition on November 10, 2011, by then the deadline had passed and could no longer be tolled. Thus, by the time that this habeas corpus petition was filed on March 2, 2015, it was nearly seven years late.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists

would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

DATED: April 21, 2015                    /s/RUDY LOZANO, Judge
                                         United State District Court

4